UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| **EMMA BARTON** | * | |
| **Plaintiff,** | * | |
| | * | **Civil Action File No.** |
| v. | * | |
| | * | _____ |
| **NEWSOE ENTERPRISES, INC.,** | * | **JURY TRIAL DEMANDED** |
| **d/b/a McDONALDS, and** | * | |
| **CHRISTA RUSSELL** | * | |
| **Defendants.** | * | |

## COMPLAINT FOR SEXUAL HARASSMENT

Plaintiff Emma Barton hereby files this Complaint pursuant to the provisions of FRCP 15(a)(1)(B) against Newsoe Enterprises, Inc. d/b/a McDonalds ("Newsoe") and Christa Russell. Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1.

This action for sexual harassment is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), and related state-law claims. Plaintiff seeks injunctive relief, compensatory and punitive damages, and attorney's fees and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for sexual harassment, assault, battery, infliction of emotional distress, and negligent hiring, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2.

Ms. Barton's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§2000e-5(f)(3).

2.

The Court has pendant jurisdiction over Ms. Barton's claims arising under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367.

3.

This Court is an appropriate venue for all Ms. Barton's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §§2000e-5(f)(3) because all of the parties reside or are incorporated and operated within the Northern District of Georgia, and all of the events giving rise to Ms. Barton's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

4.

Ms. Barton filed a timely charge of sexual harassment with the Equal Employmnet Opportunity Commission ("EEOC"). Ms. Barton received a notice of right to sue from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit A and is incorporated herein.

## **PARTIES**

5.

Ms. Barton is an adult female individual and a citizen of the United States who resides at 152 Byrds Chapel Lane, Rising Fawn, Georgia, 30738. Ms. Barton was an employee of Newsoe at all times material to this Complaint.

6.

Ms. Barton is a member of a protected class under Title VII.

7.

Newsoe was an employer in Trenton, Georgia at the time the alleged acts of discrimination occurred, and remains so. Newsoe is a domestic corporation organized and existing under the laws of the State of Georgia, which is authorized to and which does transact business within the Northern District of Georgia with an office and principal place of business at 5316 Highway 136, Trenton, GA 30752, and said Defendant is subject to the jurisdiction of this Court. Newsoe may be served through its registered agent for service of process in Georgia, David Bledsoe, at 5316 Highway 136, Trenton, GA 30752.

8.

Defendant Christa Russell is a resident of Walker County, Georgia, who resides and may be served at 2365 Corinth Road, LaFayette, GA 30728, in the Northern District of Georgia, and said Defendant is subject to the jurisdiction of this Court. Defendant Christa Russell was an employee of Newsoe at the time of the events described herein.

## STATEMENT OF FACTS

9.

Newsoe is subject to the anti-discrimination provisions of Title VII.

10.

At all times material to this Complaint, Newsoe employed more than fifteen (15) regular employees, including the Plaintiff.

11.

At all times material to this Complaint, Newsoe had control over both Plaintiff's employment and the terms and conditions thereof.

12.

On February 6, 2024, Defendant Christa Russell, while on the premises of the McDonald's franchise owned and operated by Newsoe at 5316 Highway 136, Trenton, GA 30752 and in the course and scope of her employment by Newsoe, sexually assaulted and harassed Plaintiff by, as Plaintiff was bent over to retrieve an item from a low shelf, fondling Plaintiff's vagina, anus and buttocks without Plaintiff's consent.

13.

Plaintiff immediately stood up and objected to Defendant Christa Russell's conduct. Defendant Christa Russell, addressing herself to Plaintiff as well as Opening Manager Charleigh Hite and Training Manager Amber Goodman, both of whom were present, said "You know you liked it," and laughed.

14.

Opening Manager Charleigh Hite and Training Manager Amber Goodman, acting in the scope and framework of their employment by Newsoe, did not act to protect Plaintiff or to reprimand or otherwise punish Defendant Christa Russell.

15.

Plaintiff told Justin Howard, the General Manager of Newsoe, about the sexual assault and harassment. David Bledsoe, the CEO and owner/operator of Newsoe, was also made aware of the incident, and did not act appropriately to protect Plaintiff.

16.

Plaintiff then went to the Dade County Sheriff's Office and filed a criminal complaint against Defendant Christa Russell on February 10, 2024. Pursuant to said complaint charges were subsequently filed against Defendant Christa Russell by the Dade County District Attorney's office. Defendant Christa Russell subsequently pled guilty to the crime of Sexual Battery and was sentenced to 12 months of probation and a $500 fine.

17.

At all times material hereto, Plaintiff did not consent to or encourage any of the activities of Defendant Christa Russell as described herein.

18.

Despite Plaintiff's immediate and consistent reports of the abuse she suffered at the hands of Defendant Christa Russell, including to all relevant Newsoe managers and owner/operators and the Dade County Sheriff's Office, Newsoe refused to terminate Defendant Christa Russell, and, after a brief suspension, continued to force Plaintiff to

work on the same shifts with Defendant Christa Russell, keeping the parties in close physical proximity, creating a hostile work environment and thereby discriminating against Plaintiff, specifically on the basis of her gender.

19.

Following the reporting of the above-described incidents and the willful and intentional failure of Newsoe to terminate or appropriately discipline Defendant Christa Russell, or even to remove her from Plaintiff's shifts and physical presence, thus creating a hostile work environment and ratifying Defendant Christa Russell's conduct, and as a direct result of the joint and several actions of the Defendants, Plaintiff has suffered physical injury and severe mental and emotional anguish.

20.

Newsoe knew, or in the exercise of ordinary and reasonable care should have known, of the propensity of Defendant Christa Russell to commit the hideous acts complained of by Plaintiff herein because of past episodes of reasonably similar behavior on the part of Defendant Christa Russell within the scope and course of her employment by Newsoe, which made the commission of such acts against persons such as Plaintiff reasonably foreseeable to Newsoe. Furthermore, Newsoe was made aware of Defendant Christa Russell's sexual battery against Plaintiff and continued to force Plaintiff to work in physical proximity to Defendant Christa Russell thereafter, ratifying Defendant Christa Russell's conduct.

21.

Despite this knowledge, Newsoe willfully, wantonly, intentionally, and with a conscious disregard for the safety, health, and well being of employees such as Plaintiff, refused to take appropriate action against Defendant Christa Russell, or otherwise maintain a safe place of employment, free of sexual harassment, sexual battery, and sexual trespass.

## COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VIII

22.

Paragraphs 1-21 are hereby incorporated into this Count I of this Complaint by reference thereto.

23.

As a woman, Plaintiff is a member of a protected group.

24.

As detailed above, during her employment with Newsoe, Plaintiff was subjected to sexual harassment and a hostile work environment by Newsoe' employees and management.

25.

All of the above conduct by Newsoe's employees and management were unwelcome, offensive, and intimidating to Plaintiff, and open and obvious in the workplace.

26.

Plaintiff complained that the sexual battery and harassment were unwelcome to Newsoe, as well as to all Newsoe's relevant managers, owners and operators.

27.

At all times relevant to this action, Newsoe knew or should have known of the sexual harassment endured by Plaintiff and the existence of a hostile and sexually harassing work environment and failed to meaningfully remedy the workplace environment in order to protect Plaintiff.

28.

Newsoe willfully and wantonly disregarded Plaintiff's rights, and its actions and inaction constitute unlawful gender discrimination in violation of Title VII.

29.

As a result of Newsoe's unlawful actions and inaction, Plaintiff has suffered severe emotional distress, inconvenience, humiliation, and other indignities.

## COUNT II: SEXUAL HARASSMENT

30.

Paragraphs 1-29 are hereby incorporated into this Count II of this Complaint by reference thereto.

31.

The acts of Defendant Christa Russell, herein enumerated, in making lewd and obscene comments and gestures to Plaintiff, placing her hands of private areas of Plaintiff's

body, and mocking Plaintiff in front of other employees and managements immediately after said actions, all within the course and scope of her employment by Newsoe, and with full knowledge by Newsoe of reasonably similar prior acts on the part of Defendant Christa Russell, constitute the torts of sexual assault, sexual battery, and sexual harassment, for which Defendants, jointly and severally, are liable to Plaintiff for compensatory and punitive damages.

32.

Newsoe's refusal to terminate Defendant Christa Russell, and Newsoe's decision to force Plaintiff to work side-by-side with Defendant Christa Russell in close physical proximity after suffering sexual assault, sexual battery and sexual harassment at Defendant Christa Russell's hands ratified Defendant Christa Russell's conduct and created and maintained a hostile work environment for the Plaintiff, for which Defendants, jointly and severally, are liable to Plaintiff for compensatory and punitive damages.

## COUNT III: ASSAULT

33.

Paragraphs 1-32 are hereby incorporated into this Count III of this Complaint by reference thereto.

34.

The acts of Defendant Christa Russell, herein enumerated, placed Plaintiff in reasonable apprehension that Defendant Christa Russell would attempt and was attempting to immediately commit the violent crime of sexual battery.

35.

The acts of Defendant Christa Russell, herein enumerated, placed Plaintiff in reasonable apprehension of immediately receiving both a violent injury to and an offensive physical touching of her person.

36.

As a direct and proximate result of the joint and several acts of Defendants as described hereinabove, Plaintiff has suffered great emotional and physical injury.

37.

Defendants, jointly and severally, are liable to Plaintiff for actual and punitive damages for this assault against her person.

## **COUNT IV: BATTERY**

38.

Paragraphs 1-37 are hereby incorporated into this Count IV of this Complaint by reference thereto.

39.

The acts of Defendant Christa Russell, herein enumerated, where she physically offensively touched, fondled, grabbed, and otherwise attempted to and did do violent bodily harm and injury to and offensively touch the person of Plaintiff, resulting in substantial physical and emotional harm to Plaintiff, resulting in great emotional and physical injury, constitute a battery for which Defendants, joints and severally, are liable to Plaintiff for compensatory and punitive damages.

40.

The actions of Defendant Christa Russell in deliberately committing a violent physical injury upon the Plaintiff during the events described above authorize the imposition of punitive damages, pursuant to the provisions of O.C.G.A. §51-12-5, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

## COUNT V: INFLICTION OF EMOTIONAL DISTRESS

41.

Paragraphs 1-40 are hereby incorporated into this Count V of this Complaint by reference thereto.

42.

The acts of Defendant Christa Russell, herein enumerated, constitute a wanton, voluntary, and intentional wrong, which was so terrifying and insulting as naturally to humiliate, embarrass, and frighten Plaintiff, resulting in severe emotional distress, and said Defendants, jointly and severally, are therefore liable to Plaintiff for compensatory and punitive damages for the tort of infliction of emotional distress.

## COUNT VI: NEGLIGENT HIRING, SUPERVISION, AND RETENTION

43.

Paragraphs 1-42 are hereby incorporated into this Count VI of this Complaint by reference thereto.

44.

At all times material to this Complaint, Newsoe owed a legal duty of care toward their employee to exercise reasonable care and prudence in the hiring, supervision, and retention of their employees.

45.

By and through the conduct, actions, inaction, and malfeasance cited above, Newsoe breached the above-described legal duties of care that it owed to Plaintiff.

46.

Newsoe knew or should have known of the vicious, violent, criminal, dangerous propensities of its employee, Defendant Christa Russell, to commit acts of the type she perpetrated upon Plaintiff herein prior to hiring her, but failed to take appropriate remedial steps to protect Plaintiff from sexual harassment. Newsoe knew or should have known of the sexual battery and harassment perpetrated against Plaintiff by Defendant Christa Russell as described herein above, but continued Defendant Christa Russell in her employment despite such knowledge, thus ratifying Defendant Christa Russel's conduct. Newsoe is liable to Plaintiff for its negligent hiring , supervision, and retention of Defendant Christa Russell.

**WHEREFORE, Plaintiff prays:**

(a)   That summons issue in terms of the law to Defendants named herein;

(b)   That Plaintiff have a trial by jury;

(c)   That Plaintiff be granted a permanent injunction enjoining Newsoe, their officers, agents, successors, employees, attorneys, and those acting in concert with them,

from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) That Plaintiff have judgment in her favor and against Defendants under all counts of this complaint, and be compensated by Defendants, jointly and severally, for her actual damages.

(e) That Plaintiff receive liquidated damages for Defendants' willful violations of Title VII;

(f) That Plaintiff receive from Defendants, jointly and severally, actual and punitive damages in an amount to be determined by the enlightened conscience of an impartial jury, but which amount Plaintiff alleges to be not less than $1,000,000.00;

(g) That Plaintiff be awarded reasonable and necessary attorney's fees and expenses of litigation for Defendants' bad faith in the premises; and

(h) That Plaintiff have such other and further relief as to the Court may appear just and necessary.

Respectfully submitted on this ___ day of July, 2024.

/s/ J.Michael Giglio
**J. MICHAEL GIGLIO**
Attorney for the Plaintiff
Georgia State Bar #293245
7713 Nashville St.
Ringgold, GA 30736
(706) 965-8300

## VERIFICATION

Personally before the undersigned officer authorized to administer oaths comes EMMA BARTON, Plaintiff in the above-styled action, who first being duly sworn, on oath states that the facts contained in the within and foregoing pleading are true and correct to the best of her knowledge, information and belief.

This 25 day of June 2024.

_____
**EMMA BARTON**
Plaintiff

Sworn to and subscribed before
me this 25 day of June, 2024.

_____
**NOTARY PUBLIC**
My commission expires: 9-14-24



(Notary seal: LISA PANGLE, NOTARY PUBLIC, DADE COUNTY, GEORGIA)

# **EXHIBIT A**

*See attached.*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/22/2024

**To:** Emma Barton
152 Byrd Chapel Lane
Rising Fawn, GA 30738
Charge No: 410-2024-07071

EEOC Representative and email:   GARICA WALKER
Investigator
garica.walker@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2024-07071.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
04/22/2024

Darrell E. Graham
District Director

**Cc:**
Jim Abedi
Mcdon
5316 HIGHWAY 136
TRENTON, GA 30752

Wesley Giglio
P.O. Box 1048
Trenton, GA 30752


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2024-07071 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2024-07071 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.